# SUPPLEMENT

## OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Emergency Housing Commission. Constitutional Law,* Housing, Due process of law. *Housing. Veteran. Board of Appeals. Zoning. Building Laws. Municipal Corporations,* By-laws and ordinances. *Notice. Certiorari.*

In the opinion of the Justices, no violation of the Constitution appeared in St. 1946, c. 592, § 3, enacted for the public purpose of relieving the housing shortage for the benefit of veterans of World War II and their families and establishing the emergency housing commission, when amended by proposed legislation adding provisions that the commission, in dealing with an appeal from a refusal of a local board of appeals therein described to grant relief asked for, should not reverse the decision of such board nor grant relief unless after a hearing, notice of which should have been given by mail, postage prepaid, to the appellant, the board of appeals and the owners of all property deemed by the commission to be affected by such appeal and by publication in a newspaper of general circulation in the city or town in question, and unless the commission should find that such relief could be granted without substantial detriment to the public good and without substantially derogating from the intent and purpose of the ordinance, by-law or code involved, having regard to the purposes set forth in G. L. (Ter. Ed.) c. 40, § 25; c. 143, § 3, or similar provisions of special laws.

A provision in § 3 of St. 1946, c. 592, as amended by proposed legislation, "determination of the emergency housing commission under this section shall be final," would not be constitutionally objectionable, since it did not preclude review by writ of certiorari.

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the House of Representatives on June 11, 1947, and transmitted to the Justices on June 13, 1947. Copy of the order is hereto annexed. The questions submitted relate to a bill now pending in the House of Representatives (Senate, No. 588, amended) which is entitled "An Act relating to findings of the emergency housing commission."

The order contains recitals that the facts declared by the General Court in § 1, c. 592, of the Acts of 1946, still exist, and that "Grave doubts have arisen as to the power of the General Court under the constitution of the commonwealth to grant to the Emergency Housing Commission the power during the present emergency by the affirmative vote of four of its members to grant variances from the application of zoning ordinances or by-laws, or building codes, ordinances or by-laws, where a literal enforcement of the provisions of such codes, ordinances or by-laws would involve substantial hardship to one or more veterans and their families and other inhabitants and where substantial relief might be granted without substantial detriment to the public good and without substantially derogating from the intent and purpose of such code, ordinance or by-law, under the terms and conditions of section 1 of said bill (Senate, No. 588, amended) submitted herewith."

It is, therefore, ordered that "the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the House of Representatives on the following important questions of law: (1) Is it within the power of the General Court, in order to relieve the existing shortage of housing for veterans and their families and other inhabitants, to provide that the Emergency Housing Commission, during the present emergency, upon appeal by any person aggrieved by the refusal of a board of appeals of a city or town referred to or appointed under section 30 of chapter 40 of the General Laws, or similar provisions of a special law, or any board of appeals under a local building ordinance or by-law or a building code, to reverse any order or decision of any inspector of buildings or other administrative official having similar duties, to decide in favor of the applicant on any matter upon which such board of appeals is required to pass, or to effect any variance in the application of any such ordinance, by-law or code, be empowered, by an affirmative vote of four of its members, to reverse such order or decision, decide in favor of such applicant or effect any such variance, provided such Emergency Housing Commission finds that such relief may be granted without substantial detriment to the public

good and without substantially derogating from the intent and purpose of such ordinance, by-law or code, having regard to the purposes set forth in section 25 of chapter 40 of the General Laws, section 3 of chapter 143 of the General Laws, or similar provisions of special laws, respectively, after a hearing, notice of which shall have been given by mail, postage prepaid, to the appellant, the board of appeals and the owners of all property deemed by the commission to be affected by such appeal, and by publication in a newspaper of general circulation in such city or town?  (2) Is it within the power of the General Court, in order to relieve the existing shortage of housing for veterans and others, to provide that the Emergency Housing Commission, during the present emergency, be empowered to act as authorized by section 3 of chapter 592 of the acts of 1946, if amended as provided in section 1 of said Senate, No. 588, amended?"

Statute 1946, c. 592, § 1, provides as follows: "It is hereby declared that at the conclusion of active hostilities in World War II almost all of the dwelling places in this common-wealth were already being used to the extent of their capacity; that on the conclusion of the war many thousand inhabitants of this commonwealth were honorably discharged from military and naval service and returned to this commonwealth expecting to resume their accustomed life here but found no suitable dwelling places available for them; that on this account serious overcrowding has occurred which is detrimental to the comfort, safety and health of such discharged soldiers and sailors and their families and of the public generally; that on account of a nation-wide shortage of building materials it has been found impossible to alleviate this shortage within a reasonable time through the ordinary operations of private enterprise; that the government of the United States has established priorities for building materials to be used for constructing, altering or remodelling dwelling places; that there are many suitable sites for such dwelling places which cannot lawfully be used for such purpose and many large single family dwelling houses and other large buildings which cannot lawfully be remodelled for such purposes, because of the zoning

ordinances and by-laws and building codes, ordinances and by-laws applicable to the districts in which such sites and buildings are located; that there are many instances in which a literal enforcement of the provisions of such codes, ordinances or by-laws would involve substantial hardship to one or more veterans and their families and other inhabitants and where substantial relief might be granted without substantial detriment to the public good and without substantially derogating from the intent and purpose of such ordinance or by-law; and that a waiving of some of the literal requirements of such codes, ordinances and by-laws in appropriate cases during the present emergency will be for the good and welfare of the commonwealth."

The pending bill provides that St. 1946, c. 592, "is hereby amended by striking out section 3 and inserting in place thereof the following section: — *Section 3.* There shall be a board to be known as the emergency housing commission, to serve during the present emergency, as defined in section two, under the governor and council and to be subject to such supervision as the governor and council shall deem necessary and proper, consisting of five members, namely: — a chairman to be appointed by the governor with the advice and consent of the council; the chairman of the state board of housing; the chairman of the state planning board; the commissioner of labor and industries; and the commissioner of public safety. Upon appeal by any person aggrieved by the refusal of a board of appeals of a city or town referred to or appointed under section thirty of chapter forty of the General Laws, or similar provisions of a special law, or any board of appeals under a local building ordinance or by-law or a building code, to reverse any order or decision of any inspector of buildings or other administrative official having similar duties, to decide in favor of the applicant on any matter upon which such board of appeals is required to pass, or to effect any variance in the application of any such ordinance, by-law or code, the emergency housing commission by an affirmative vote of four of its members may reverse such order or decision, decide in favor of such applicant or effect any such variance. The emergency housing

commission shall not grant any relief under this section unless it finds that such relief may be granted without substantial detriment to the public good and without substantially derogating from the intent and purpose of such ordinance, by-law, or code, having regard to the purposes set forth in section twenty-five of chapter forty of the General Laws, section three of chapter one hundred and forty-three of the General Laws, or similar provisions of special law, respectively. The emergency housing commission shall grant relief only after a hearing, notice of which shall have been given by mail, postage prepaid, to the appellant, the board of appeals and the owners of all property deemed by the commission to be affected by such appeal, and by publication in a newspaper of general circulation in such city or town. At the hearing any party may appear in person or by agent or by attorney. No appeal under this section with respect to a particular parcel of land which has been unfavorably acted upon by the commission shall be considered by said commission except with the consent of a majority of the board of appeals. The commission may reconsider any appeal which has been withdrawn by the appellant before action by the commission or after favorable action by the commission. The determination of the emergency housing commission under this section shall be final." Section 3 that is proposed by the pending bill to be inserted in place of the former § 3 would add to the present § 3 the following: "The emergency housing commission shall not grant any relief under this section unless it finds that such relief may be granted without substantial detriment to the public good and without substantially derogating from the intent and purpose of such ordinance, by-law, or code, having regard to the purposes set forth in section twenty-five of chapter forty of the General Laws, section three of chapter one hundred and forty-three of the General Laws, or similar provisions of special law, respectively. The emergency housing commission shall grant relief only after a hearing, notice of which shall have been given by mail, postage prepaid, to the appellant, the board of appeals and the owners of all property deemed by the commission to be affected by

such appeal, and by publication in a newspaper of general circulation in such city or town. At the hearing any party may appear in person or by agent or by attorney. No appeal under this section with respect to a particular parcel of land which has been unfavorably acted upon by the commission shall be considered by said commission except with the consent of a majority of the board of appeals. The commission may reconsider any appeal which has been withdrawn by the appellant before action by the commission or after favorable action by the commission."

The questions must be answered with respect to the pending bill and we so answer them. *Opinion of the Justices*, 313 Mass. 779, 781. *Opinion of the Justices*, 320 Mass. 773, 775. The pending bill, however, provides merely for amending an existing statute. But the question of the constitutionality of the proposed amendment fairly involves the constitutionality of the statute as affected by the amendment. "It has always been the practice for the Justices to confine their answers to particular questions of law submitted to them and not to discuss a broad inquiry as to the constitutionality of a proposed statute in its entirety." *Opinion of the Justices*, 297 Mass. 559, 566–567. The first question submitted, however, seems to raise certain particular questions of law, and we deal with those questions although they are not the subject of specific inquiries. And we answer the general questions submitted on the basis of our answers with respect to these particular matters without discussing the bill in its entirety.

Doubtless, it is within the power of the General Court to provide for appeals to a State board from a board of appeals of a city or town such as is referred to in the pending bill. We perceive no reason why such an appeal may not be authorized to the emergency housing commission referred to in § 3 of c. 592 of the Acts of 1946, as amended by the proposed bill, under proper conditions.

The proposed bill provides that the "emergency housing commission shall not grant any relief under this section [§ 3] unless it finds that such relief may be granted without substantial detriment to the public good and without sub-

stantially derogating from the intent and purpose of such ordinance, by-law, or code, having regard to the purposes set forth in section twenty-five of chapter forty of the General Laws, section three of chapter one hundred and forty-three of the General Laws, or similar provisions of special law, respectively." We are of opinion that this provision with its reference to the "intent and purpose" of ordinances, by-laws or codes and to the "purposes" set forth in G. L. c. 40, § 25, and G. L. c. 143, § 3, furnishes a sufficiently definite standard for decision by the emergency housing commission in the exercise of judgment. See *Norcross* v. *Board of Appeal of Boston*, 255 Mass. 177, 186. It is a standard similar to that fixed for local boards of appeal authorizing variances in cases of substantial hardship to an individual under G. L. (Ter. Ed.) c. 40, § 30, as amended. See St. 1933, c. 269, § 1; St. 1935, c. 388; St. 1941, c. 198, §§ 1, 2.

We perceive no constitutional objection to the notice of hearing required by the proposed bill although the notice by mail is required to be given to "the owners of all property deemed by the commission to be affected by such appeal" without the provision applicable to local boards of appeal (see G. L. [Ter. Ed.] c. 40, § 30, as amended) that such owners shall be "as they appear on the most recent local tax list."

The provision that the "determination of the emergency housing commission under this section [§ 3] shall be final" as such provisions have ordinarily been interpreted (*Hough* v. *Contributory Retirement Appeal Board*, 309 Mass. 534, 535) does not preclude review by writ of certiorari and, as so interpreted, this provision does not invalidate the section to which it refers.

We answer both questions in the affirmative.

> FRED T. FIELD.
> HENRY T. LUMMUS.
> STANLEY E. QUA.
> ARTHUR W. DOLAN.
> JAMES J. RONAN.
> RAYMOND S. WILKINS.
> JOHN V. SPALDING.