BEULAH G. DALLI & another *vs.* BOARD OF EDUCATION
& others.

Middlesex.    November 5, 1970. — March 2, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, REARDON, QUIRICO,
& BRAUCHER, JJ.

*Constitutional Law,* Equal protection of laws, Freedom of religion, Vac-
cination, Separable portion of statute. *Vaccination. Religion. School
and School Committee.*

G. L. c. 76, § 15, third paragraph, as appearing in St. 1967, c. 590, clearly
limiting the exemption from vaccination to a child whose parent or
guardian objected to vaccination on the ground of conflict with "the
tenets and practice of a recognized church or religious denomination of
which he . . . [was] an adherent or member" was not to be inter-
preted as including in the exempted class one who sincerely objected
to vaccination because of her religious beliefs but who was not an
adherent or member of a recognized church or religious denomination.
[758–759]
The exemption from vaccination given by the third paragraph of G. L.
c. 76, § 15, as appearing in St. 1967, c. 590, to a child seeking admis-
sion to school whose parent or guardian objected to the vaccination of
the child on the ground of conflict "with the tenets and practice of a
recognized church or religious denomination of which he . . . [was] an
adherent or member" was unconstitutional as in violation of the equal
protection clause of the Fourteenth Amendment of the United States
Constitution and the provisions for free exercise of religion in the First
Amendment of the United States Constitution and art. 2 of the Decla-
ration of Rights of the Massachusetts Constitution in that the same
exemption was not extended to a person who was not an adherent or
member of a recognized church or religious denomination but sincerely
objected on religious grounds to vaccination of his child. [759]
Unconstitutionality of the third paragraph of G. L. c. 76, § 15, as appear-
ing in St. 1967, c. 590, did not affect the older and separable first and
second paragraphs of the statute, and a child, whose mother objected
on religious grounds to vaccination of the child, was subject to vacci-
nation as a prerequisite to admission to a school. [759]

BILL IN EQUITY filed in the Superior Court on May 13,
1969.

The suit was heard by *Leen,* J.

*Gerald B. Gallagher* (*Ronald E. Welch* with him) for the plaintiffs.

*Mark L. Cohen*, Assistant Attorney General, for the Board of Education & another.

*John R. Peterson* for The First Church of Christ, Scientist, in Boston, Massachusetts, amicus curiae, submitted a brief.

REARDON, J. This is a suit for declaratory relief which comes to us on report from a judge of the Superior Court who made findings of material facts.

The suit is by Beulah G. Dalli (herein called the plaintiff) and her daughter Belinda M. Sack, who was five years of age at the time the suit was commenced. The defendants are the Attorney General, the Commissioner and the Board of Education of the Commonwealth, and the School Committee and Superintendent of Schools of the city of Lowell. The bill alleged that the plaintiff was opposed to the vaccination of her child as a prerequisite to the child's entry into school in accordance with G. L. c. 76, § 15, as appearing in St. 1967, c. 590, but that she was unable to qualify for the exemption which the statute provides for members of "a recognized church or religious denomination" whose tenets conflict with the practice of vaccination. It was alleged that the plaintiff's opposition was based on her personal "belief in the Bible, and its teachings," that she intended to enroll her daughter in a public school after her sixth birthday, and that § 15, since it would prevent her from completing that enrollment, deprived her and her daughter of equal protection of the law and the free exercise of religion. They sought a determination of the application of the statute to them and a declaration of rights and duties.

The Attorney General demurred to the bill and his demurrer was sustained by a judge of the Superior Court. The other defendants answered and denied in their answers the existence of a controversy. The trial judge found the existence of an actual controversy on the ground that an application for admission of the plaintiff's child, if filed, would have been refused because a form sent by the di-

rector of health for the city of Lowell relative to the religious exemption for vaccination required the signature of a recognized official of a church or a denomination. Since the plaintiff belonged to no church or denomination it would be impossible for her to obtain such a signature. He found that the plaintiff believed in the Bible and its teachings and as a matter of conscience was opposed to the vaccination of her child. "She believes in good faith from her bible readings that an injection of 'animal serum' would be contrary to the admonitions in the bible to 'keep the body clean and acceptable to God.'" He found also that "at all times material to the issues in this case there was no emergency or epidemic of disease declared by the Department of Public Health." The trial judge cited statistics indicating that of the school population in Worcester and Springfield less than one half of one per cent of the children are unvaccinated, largely for medical reasons, and that the number of unvaccinated children in the Commonwealth is insignificant. He found that the "health risk due to the presence of unvaccinated children in the school systems of the Commonwealth is minimal," and that the likelihood of harm from such a source is "very miniscule," adopting the words of the assistant director of the Division of Communicable Diseases of the State health department, who testified for the defendants. The judge further stated that in his opinion there is "serious doubt as to whether the . . . [plaintiff] is not entitled to the same 'exemption' as that granted to a parent or guardian of a child who is a member in good standing of a recognized church or religious denomination whose tenets and practices are opposed to vaccination or immunization." The trial judge has properly reported the case.

1. General Laws c. 76, § 15, as appearing in St. 1967, c. 590, in pertinent part reads as follows: "No child shall, except as hereinafter provided, be admitted to school except upon presentation of a physician's certificate that the child has been successfully vaccinated against smallpox and immunized against diphtheria, pertussis, tetanus, measles

and poliomyelitis and such other communicable diseases as may be specified from time to time by the department of public health. . . . In the absence of an emergency or epidemic of disease declared by the department of public health, no child whose parent or guardian objects in writing to vaccination or immunization upon the ground that it conflicts with the tenets and practice of a recognized church or religious denomination of which he is an adherent or member shall be required to present said physician's certificate in order to be admitted to school, but may present, in lieu thereof, an affidavit signed by an official of such church or religious denomination that the parent or guardian of such child is an adherent or member in good standing of such church or religious denomination, and that such parent or guardian objects on religious grounds to vaccination and immunization." A great majority of States have compulsory or local option immunization laws. They were the subject of broadscale attacks in the early years of the century and were universally upheld as proper exercises of the police power. See *Commonwealth* v. *Pear*, 183 Mass. 242; *French* v. *Davidson*, 143 Cal. 658; *Hagler* v. *Larner*, 284 Ill. 547; *Blue* v. *Beach*, 155 Ind. 121; *Hartman* v. *May*, 168 Miss. 477; *In re Rebenack*, 62 Mo. App. 8; *State* v. *Drew*, 89 N. H. 54; *Matter of Viemeister*, 179 N. Y. 235; *State* v. *Board of Education*, 76 Ohio 297; *Stull* v. *Reber*, 215 Pa. 156; *McSween* v. *School Trustees of Fort Worth*, 60 Tex. Civ. App. 270; *State* v. *Board of Education of Salt Lake City*, 21 Utah, 401; *Jacobson* v. *Massachusetts*, 197 U. S. 11; *Zucht* v. *King*, 260 U. S. 174. The early statutes provided no exemptions on religious grounds and often came into being only on determination by a State or local health authority that a health emergency existed.[1] These cases thus provide us little guidance for the resolution of the issue which confronts us. One interesting case in recent years upheld an authorized act of a local board of education providing no

---

[1] The Massachusetts statute treated in *Jacobson* v. *Massachusetts*, 197 U. S. 11, the only United States Supreme Court case dealing in more than a perfunctory manner with vaccination statutes, was of this category.

religious exemptions against attack specifically based on the First Amendment to the Federal constitution by one whose religion forbade vaccination or immunization. *Board of Education of Mountain Lakes* v. *Maas,* 56 N. J. Sup. 245, aff'd 31 N. J. 537. In the present instance, however, we do not face the question whether a statute carrying no religious exemptions would be constitutional. We have rather a statute specifically providing an exemption from the necessity of vaccination or immunization because of religious beliefs of a child's parent or guardian. This exemption is limited to those parents or guardians who can present the specified evidence that they are adherents or members in good standing of a "recognized" church or religious denomination whose tenets conflict with the practice of vaccination or immunization. The question here is whether the plaintiff, holding sincere religious beliefs against the vaccination of her child, as the judge found, may be excluded from the religious exemption because she is not an adherent or a member of a "recognized" church or religious denomination.

Despite the abundance of cases on the subject of vaccination laws, there are few dealing with this issue. New York has a provision, Public Health Law § 2164 (8), similar to that of Massachusetts, and it has been the subject of unsuccessful attack on two recent occasions. In each case, however, the objector was a chiropractor (in one case a Methodist, in the other a Roman Catholic), and the court in both instances, although stating in general terms that the statute was constitutional under the First Amendment, seemed to be significantly influenced by the fact that the objections raised were based not so much on religious sentiments as on personal opinions that vaccination simply did not work or was actually harmful. Thus, in one case the court noted that the defendants, who alternatively claimed an exemption under § 2164 (8) as Methodists, objected not because of their religion but because of "their personal opinions, fears unsupported by any competent medical proof, and a purported exercise of their own consciences which

would not interfere with their free exercise of the tenets of the Methodist Church." *Matter of Elwell,* 55 Misc. 2d (N. Y.) 252, 259. In the other case also, *McCartney* v. *Austin,* 57 Misc. 2d (N. Y.) 525, affd. 31 App. Div. 2d (N. Y.) 370, the objector claimed in the alternative an exemption under § 2164 (8) as a Roman Catholic. The court noted the "distinction between moral conviction and conscience by reason of religious training, belief and conviction, on the one hand, and personal moral code or philosophy not based on or by reason of religious training, belief or conviction, on the other" (p. 535), and implied that the objections before it were based on the latter. In the present case, however, the plaintiff's objections are concededly religious in nature. The constitutionality of the limited exemption which excludes her deserves thorough and thoughtful treatment viewed against the First Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment, the equal protection clause of the Fourteenth Amendment, and the provision of the Massachusetts Declaration of Rights providing free exercise of religion.

2. It is the contention of the plaintiff that the limited scope of the statutory religious exemption discriminates against her in the free exercise of her religion. It is not our function to pass on the merits of the plaintiff's religious beliefs. No matter how misguided or even ridiculous such beliefs may appear to be to the court, or to the overwhelming majority of the people, unless they damage a compelling State interest the courts can examine only to determine whether they are sincerely held. See *United States* v. *Ballard,* 322 U. S. 78, 86–87; *United States* v. *Seeger,* 380 U. S. 163, 184–185. If the beliefs be sincerely held they are entitled to the same protection as those more widely held by others. The trial judge in his finding has erased any doubts of the plaintiff's sincerity of belief. We thus look to the statute. Can it be read to include her and her child within the class exempted? We think not. The exemption is limited to those who subscribe to "the tenets and practice of a recog-

nized church or religious denomination." To attempt to interpret this as including those in the category of the plaintiff would be to engage in a judicial enlargement of the clear statutory language beyond the limit of our judicial function. We have traditionally and consistently declined to trespass on legislative territory in deference to the time tested wisdom of the separation of powers as expressed in art. XXX of the Declaration of Rights of the Constitution of Massachusetts even when it appeared that a highly desirable and just result might thus be achieved. *King* v. *Viscoloid Co.* 219 Mass. 420, 424–425. *Simon* v. *Schwachman*, 301 Mass. 573, 581–582. We will not do so now.

There remains but one alternative. It is clear that the third paragraph of G. L. c. 76, § 15, extends preferred treatment to adherents and members "of a recognized church or religious denomination" who object to vaccination on religious grounds. They enjoy the benefit of an exemption which is denied to other persons whose objections to vaccination are also grounded in religious belief. This preferred treatment of one group and discrimination against the other violates the First and Fourteenth Amendments of the United States Constitution, as well as art. 2 of the Declaration of Rights of the Massachusetts Constitution. See also art. 18 of the Amendments, § 1, as appearing in art. 46. A majority of the court hold therefore that the third paragraph of § 15 is unconstitutional and must be stricken. The first and second paragraphs, containing the general immunization requirement and the medical exemption, are clearly independent and separable from the third. They existed in substance before the religious exemption was added to § 15 by amendment in 1967 (St. 1967, c. 590). They will therefore remain unaffected under established principles. *Commonwealth* v. *Petranich*, 183 Mass. 217, 220. *Krupp* v. *Building Commr. of Newton*, 325 Mass. 686, 691–692, and cases cited. *Opinion of the Justices*, 330 Mass. 713, 726.

This holding, of course, does not ease the problem of the plaintiff whose child remains subject to vaccination. Nor

will it be welcome to those who hitherto as members or adherents of a recognized church or denomination have enjoyed the exemption. The recourse of both must be to the Legislature, which in, passing in 1967 the statutory amendment which set up the exemption recognized that it was an appropriate mark of deference to the sincere religious beliefs of the few which at the same time created a minimal hazard to the health of the many. The record before us provides ample support for the proposition that the exemption did not cut across a compelling State necessity. There was medical evidence that it created no danger to public health and that its extension to the plaintiff and people in her position would not so dilute the law as to give rise to a public health danger. Additionally, as written it applied only "[i]n the absence of an emergency or epidemic of disease declared by the department of public health." It thus contained an effective safety valve in the event that the number of unvaccinated children should become dangerously high. All of these matters, however, in the light of our holding, are properly left to ultimate legislative determination.

A decree is to be entered in the Superior Court declaring that the third paragraph of G. L. c. 76, § 15, as appearing in St. 1967, c. 590, is unconstitutional.

*So ordered.*