Ronald A. AVARD and Ronald A. Avard, as he is father and next friend of John Avard

v.

Sylvio L. DUPUIS, as he is Chairman of the Manchester Board of School Committee, et al.

Civ. A. No. 74–18.

United States District Court, D. New Hampshire.

May 14, 1974.

Charles G. Douglas, III, Perkins, Douglas & Brock, Concord, N. H., for plaintiff.

Clifford J. Ross, City Sol., City of Manchester, N. H., for defendants.

Before COFFIN, Circuit Judge, and CAFFREY and BOWNES, District Judges.

## OPINION

BOWNES, District Judge.

Plaintiff, Mr. Avard, is the father of a six year old son, John, who was dismissed from a kindergarten class of the Manchester, New Hampshire, public school system because he had not been vaccinated. Mr. Avard claimed, but was refused, a religious exemption, which may be granted "at the discretion of the

local board." NH RSA 200:38(II). He now seeks to challenge the constitutionality of the statutory exemption scheme as vague and standardless, and, therefore, violative of the due process clause of the Fourteenth Amendment. Jurisdiction is predicated on 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3). Since plaintiff seeks to declare NH RSA 200:38(II) unconstitutional and to enjoin its enforcement, a three-judge court has been convened. 28 U.S.C. § 2281.

## A. THE FACTS

The circumstances surrounding John's dismissal comprise the factual setting of this case. Shortly after John's enrollment in September of 1973, Mr. Avard was notified that John would have to be vaccinated in order to be permitted to remain in school. NH RSA 200:38. Mr. Avard then applied for a religious exemption. Such exemptions are permitted by NH RSA 200:38. This statute, the pertinent part of which is italicized, provides as follows:

*Control and Prevention of Communicable Diseases.*

I. All children shall be immunized prior to school entrance according to the current recommendations of the state public health agency.

II. Any child may be exempted from the above immunization requirements if he presents evidence from his physician that immunization will be detrimental to his health. *A child may be excused from immunization for religious reasons at the discretion of the local school board.* [Emphasis added.]

III. All children shall be examined prior to school entrance to detect symptoms of tuberculosis and may be periodically examined during his [sic] school experience.

On December 10, 1973, the Manchester School Board denied Mr. Avard's request for an exemption. This denial was ap-

pealed to the State Board of Education pursuant to NH RSA 193:13.[1] After a hearing, the State Board affirmed the denial, and on January 14, 1974, the Manchester School Board reaffirmed its earlier decision and dismissed John from school until he is vaccinated. *See* exhibit attached to complaint.

## B. THE MERITS

At the outset it is appropriate to set forth what we are not deciding. We do not reach here the question of plaintiff's sincerity. Neither do we reach the question of whether a compulsory vaccination statute, without a religious exemption, would be unconstitutional. *See* Jacobson v. Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643 (1905); Prince v. Massachusetts, 321 U.S. 158, 64 S.Ct. 438, 88 L.Ed. 645 (1944); Wisconsin v. Yoder, 406 U.S. 205, 92 S. Ct. 1526, 32 L.Ed.2d 15 (1972); Board of Education of Mt. Lakes v. Maas, 56 N.J.Super. 245, 152 A.2d 394 (1959), affm'd. per curiam, 31 N.J. 537, 158 A. 2d 330, cert. denied, 363 U.S. 843, 80 S. Ct. 1613, 4 L.Ed.2d 1727 (1960).[2] The issue in this case is simply whether or not NH RSA 200:38(II), which vests complete discretion in local school boards to determine whether "a child may be excused from immunization for religious reasons," is vague and standardless and, therefore, in contravention of the due process clause of the Fourteenth Amendment.

Our initial inquiry is to ascertain whether any standards for the exercise of the local boards' discretionary power may be ascribed to the statute through relevant legislative intent, authoritative construction by the New Hampshire Supreme Court or interpretive administrative guidelines. Unlike some of the statutory provisions in the new Hampshire Revised Statutes Annotated, section 200:38 does not provide an historical annotation. Diligent search by counsel, including an effort to locate similar stat-

---

1. NH RSA 193:13 provides for review of any dismissal by the local board by appeal to the state board of education.

2. *See* note 5 *infra.*

utes, has been to no avail. Therefore, there is no clue as to the legislative intent on the question of standards. *Cf.* United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965).

■ Although guidelines do not appear in a statute, authoritative judicial construction or administrative interpretation by an agency charged with its implementation may cure an otherwise unconstitutionally vague statute. Cantwell v. Connecticut, 310 U.S. 296, 306, 60 S. Ct. 900, 84 L.Ed. 1213 (1940); Cox v. New Hampshire, 312 U.S. 569, 575–577, 61 S.Ct. 762, 85 L.Ed. 1049 (1941); *see* McGautha v. California, 402 U.S. 183, 258–259, 91 S.Ct. 1454, 28 L.Ed.2d 711 (1971) (dissenting opinion of Brennan, J.); and *see* Associated Gen. Contractors of Mass., Inc. v. Altshuler, 490 F.2d 9, 19–20 (1st Cir. 1973). Here, no such interpretive aids are available. The statute is of fairly recent vintage,[3] and the New Hampshire Supreme Court has not had occasion to consider it. Although the State Board of Education, and through it the Commissioner of Education, has extensive rule-making authority, it has not promulgated regulations in this area.[4] NH RSA 186:5, 186:9, 186:11(XXVIII). In fact, defendant's counsel conceded on oral argument that there are no standards or guidelines for the local boards to follow. We are left, then, to consider the constitutionality of the statutory language taken, as it must be without interpretive aid, at its face value.

We deal here with a potential restriction on the free exercise of religion, a right guaranteed by the First Amendment. Although the restriction is on the right to act, as opposed to the right to believe, and, therefore,

> subject to regulation for the protection of society[,] [t]he freedom to act

must have appropriate definition to preserve the enforcement of that protection. In every case the power to regulate must be so exercised as not, in attaining a permissible end, unduly to infringe the protected freedom. *Cantwell, supra,* 310 U.S. at 303–304.

This judicial solicitude for the free exercise clause of the First Amendment, so clearly announced in *Cantwell,* has also been expressed in the licensing cases, *see* Niemotko v. Maryland, 340 U.S. 268, 71 S.Ct. 325, 95 L.Ed. 267 (1951), and Kunz v. New York, 340 U.S. 290, 71 S. Ct. 312, 95 L.Ed. 280 (1951), and more recently in the conscientious objector cases, *see* United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), and Parisi v. Davidson, 405 U.S. 34, 45, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972). Moreover, in addition to the due process issue of vagueness engendered by standardless statutes such as NH RSA 200:38(II), the possibility of equal protection problems lurks in the background. Standardless statutes may result in different applications to similarly situated persons, not to mention the possibility that unarticulated underlying reasons may in themselves be constitutionally impermissible. McGautha v. California, 402 U.S. 183, 259 n. 9, 91 S.Ct. 1454, 28 L.Ed.2d 71 (1971) (Brennan, J., dissenting); *see* Niemotko v. Maryland, 340 U.S. 268, 272, 71 S.Ct. 325, 95 L.Ed. 267 (1951).

■ The fact that the State has a right to regulate, and arguably completely prohibit,[5] the conduct in question here does not relieve it of its duty to regulate fairly. Since the State elected to provide a religious exemption from vaccination, the plaintiff has

> a constitutionally protected right to procedural due process in the state . . . procedures whereby a deter-

---

3. NH RSA 200:38 became effective on September 4, 1971.

4. The Attorney General, who also has the power to "advise any state board, commission, agent or officer as to questions of law relating to the performance of their official duties," has not issued an opinion on this statute. NH RSA 7:8.

5. *See* cases cited in text accompanying note 2 *supra; but cf.* Arnett v. Kennedy, 42 L.W. 4513, 4517–4520, —— U.S. ——, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

mination of whether to issue such a[n] [exemption] will be made. Raper v. Lucey, 488 F.2d 748, 751 (1st Cir. 1973).

This right of procedural due process encompasses the right to be informed in advance of the hearing of "those current substantive criteria which will govern Board decisions." [6] *Raper, supra,* 488 F.2d at 753. In its present form, NH RSA 200:38(II) denies plaintiff a meaningful right to be heard by leaving him in the position of not knowing what material to present to the Board to make its decision. Moreover, a statement of reasons given by the Board for its decision, even though not required by the statute, would be meaningless without standards to which it could be compared. For these reasons, the lack of standards in NH RSA 200:38(II) renders the religious exemption unconstitutionally vague and in contravention of the due process clause of the Fourteenth Amendment.

#### C. RELIEF

 NH RSA 200:38 provides generally for the control and prevention of communicable diseases in the public school setting.[7] Subsection I mandates compulsory immunization for all children; subsection II makes provision, in different sentences, for medical and religious exemptions; and subsection III requires screening for symptoms of tuberculosis. The basic concern of the legislature in enacting this statute was obviously the protection of the health of school children. Although the section granting the religious exemption is in-

valid, the excision of that section will not significantly impair the operation of the rest of the statute. For that reason, we declare that portion of the statute which grants the religious exemption unconstitutional and invalid. Rosenblum v. Griffin, 89 N.H. 314, 320, 197 A. 701, 705 (1938); Woolf v. Fuller, 87 N.H. 64, 174 A. 193 (1934). Since the remaining portions of the statute remain in effect, plaintiff's prayer that we grant an injunction prohibiting the dismissal of John Avard from attendance in the Manchester public schools is denied.[8] *See* Dalli v. Board of Education, 358 Mass. 753, 267 N.E.2d 219 (1971).

So ordered.

---

6. Plaintiff has not complained that other requirements of due process, such as notice, are lacking here, and our inquiry is limited accordingly.

7. *See* NH RSA 200:39, which provides for exclusion of any student who "exhibits symptoms of contagion or is a hazard to himself or others."

8. Excision of the unconstitutional portion of the statute leaves plaintiff without any possibility of obtaining a religious exemption from the vaccination requirement. At oral

argument, plaintiff's counsel indicated that his client understood that a decision in his favor could very well have this result. Plaintiff was, nonetheless, desirous of challenging the statute. Although it is plaintiff's hope that the New Hampshire Legislature will reconsider the religious exemption and draft a statute more favorable to his position, the Legislature will not be in session again before the fall of 1974 when John is due to enter first grade. In effect, plaintiff may have won the battle, but lost the war.