Lopez, J.
The right of self-determination and individual autonomy has its roots deep in our history. The only purpose for which power can be rightfully exercised over any member of a civilised community, against his will, is to prevent harm to others. His own good, either physical or moral, is not a sufficient warrant. He cannot rightfully be compelled to do or forbear because it will be better for him to do so, because it will make him happier, because, in the opinion of others, to do so would be wise, or even right.
Brophy v. New England Sinai Hosp., Inc., 398 Mass. 417, 430 (1986), citing John Stuart Mill on Liberty, in 43 Great Books of the Western World 271 (R. Hutchins ed. 1952) (citations omitted).
BACKGROUND
This is a case of first impression under G.L.c. 76, §15C.[1] This statute requires students in a health science program who come in contact with patients to be immunized against various communicable diseases. The court is asked to construe the language of the statute that exempts students from this requirement on the basis of religious beliefs.[2],
FACTS
Plaintiff, a speech pathology graduate student at the MGH Institute of Health Professions (the defendant), seeks a preliminary injunction against the defendant prohibiting it from administratively dismissing her because she has refused to be immunized on religious grounds. On either August 1, 2002 or August 13,2002 plaintiff notified the defendant that because of her religious beliefs, she would not submit to being immunized.[3] The Director of the Institute responded by letter dated August 29, 2002, claiming that immunization was an essential part of matriculation, failure to be immunized would result in the defendant’s inability to provide the requisite clinical experience, and therefore an incomplete degree. Plaintiff informed the defendant that her TB test would be provided to the school, but the other required immunizations would not be had.[4] Plaintiff also offered her willingness to submit to monthly blood tests in order to test for certain diseases. It is only the injection of foreign substances that poses a religious belief problem for the plaintiff. It is evident from her affidavit that her belief does not conflict with taking blood out of her body. Plaintiffs affidavit states the following:
*418 My family and I belong to an informal group of persons who believe that one’s body can take care of itself. We hold a religious belief that there is a unifying force in nature, rather than a supreme being, and that as human beings we are intimately connected to that force. We adhere to the conviction that our bodies are part of nature and that we should not put foreign substances into them. We believe this is especially true of immunizations because many of them are actually putting a foreign virus into us. We believe that we should be true to nature and let nature take care of us as it will. I was raised with this religious belief and my entire family subscribes to it. I have never received immunizations in order to attend school.
The only issue before the court is whether the plaintiff has sustained her burden with regard to the preliminary injunction.
LEGAL DISCUSSION
The legal standard for obtaining a preliminary injunction involves a combination of the moving party’s claim of injury and chance of success on the merits. Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). “If the judge is convinced that failure to issue the injunction would subject the moving parly to a substantial risk of irreparable harm, the judge must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party.” Id. Only where the balance between these risks cuts in favor of the moving party may a preliminary injunction properly issue. Id,
Irreparable Harm
The court begins first with the irreparable harm issue. The plaintiffs strongest, yet unpersuasive argument is that she is unable to freely exercise her religious beliefs. The United States Supreme Court has held that, “the loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury.” Elrod v. Burns, 427 U.S. 347, 373 (1976); Farina v. The Bd. of Educ. of the City of New York, 116 F.Sup.2d 503, 507 (S.D.N.Y. 2000). In order to qualify for First Amendment protection under the free exercise clause, plaintiff must first show that the activity complained of is motivated and rooted in a legitimate and sincerely held religious belief. See Wisconsin v. Yoder, 406 U.S. 205, 215-29 (1972). The plaintiff claims that her refusal to be immunized is based on her religious belief that there is a unifying force in nature, rather than a supreme being, and that the introduction of foreign substances into the human body is contrary to that belief. Morin Aff. 1. The plaintiff has the burden of showing a sincerely held religious belief. Plaintiff has failed to meet her burden. The only evidence provided by the plaintiff supporting her religious belief is that she has never been vaccinated. Plaintiff claims that she was raised believing this. The lack of information about her religion, established or not, calls into question if this belief is truly religious or secular. The opposition to vaccines is not a religious issue per se. Because of the lack of evidence evincing a sincerely held religious belief, plaintiff cannot rely on the First Amendment to ground her irreparable harm argument. See Farina v. The Bd. of Educ. of the City of New York, 116 F.Sup.2d 503.
The plaintiff additionally argues that she will suffer irreparable harm if the injunction is not granted because she will not be able to continue her studies in speech pathology, and she will suffer financially as a result of her federal loans and her one-year lease in Boston. These arguments do not bolster plaintiffs claim for irreparable harm. As the defendant points out, after the case is fully adjudicated, and if plaintiff prevails, she will be able to return to her studies and any monetary losses may be recovered as damages. According to Packaging Industries, “in the context of a preliminary injunction, the only rights which may be irreparably lost are those not capable of vindication by a final judgment.” Packaging Industries Group, Inc. v. Cheney, 380 Mass. at 617 n.ll.
Balancing the Harms
Plaintiff also fails to persuade the court of the second element required for a preliminary injunction, balancing the plaintiffs harm against the harm which would result to the defendant if the injunction were granted. The defendant claims that not only will it be harmed, but also plaintiffs failure to vaccinate will cause a serious harm to the public at large.
The court is primarily concerned with the harm to the public. The defendant has shown, by way of affidavits, that infectious diseases are alive and well in our society. The Measles, Mumps, Rubella vaccination (MMR) prevents the transmission of measles, mumps and rubella. These diseases are all airborne infectious diseases. The defendant cites that in 1991 the Center for Disease Control (CDC) identified a resurgence of measles resulting from unvaccinated adults in colleges and in the workplace. In 1990-1991, 668 measles cases arose among adult health care workers. In 1999, 271 cases of rubella arose, 86% of which affected adults. “In an appropriate case, the risk of harm to the public interest also may be considered” when deciding whether to grant or deny a preliminaiy injunction. Town of Brookline v. Goldstein, 388 Mass. 443, 447 (1983); see also Bettigole v. Assessors of Springfield, 343 Mass. 223, 234, 237 (1961). For example, in Goldstein, a member of the public who engaged in a series of harassment tactics against town officials and employees was enjoined from doing so in the future, contrary to his First Amendment assertion. See Town of Brookline v. Goldstein, 388 Mass. at 449. The court concluded “we reject the contention that conduct alleged here cannot be restricted consistent with the First Amendment rights to petition the government for a redress of grievances and to free speech.” Id. at 450. ‘Those rights do not disable the *419 government from taking reasonable steps to ensure that such rights are not exercised in a manner which infringes on the legitimate rights of other citizens.” Id. at 449.
The plaintiff provided no evidence contradicting the persuasive statistics offered by the defendant. The plaintiff does not deny that her lack of vaccination is a public health and safety issue. In fact, the court interprets plaintiffs affidavit as recognizing that a public health and safety issue exists. Plaintiff boldly states, “I am willing to accept any risk that I might contract a contagious disease from a client.” Morin Aff. 1. Furthermore, plaintiffs willingness to submit to monthly blood tests shows an awareness of the danger of infectious diseases. While the plaintiff may be willing to take the risk, the risk of endangering people is far too great to tip the scales in favor of granting this injunction.
Defendant also argues that there are practical consequences to granting the injunction: namely, its loss of accreditation by the Council of Academic Accreditation (CAA) of the American Speech-Language-Hearing Association (ASHA). It argues that persons enrolled in this course of study must be provided with clinical training at a minimum of three sites. These sites could quite possibly include a hospital-based setting or a school setting. Failure to provide this clinical training could result in a revocation of accreditation. That an institute could lose its accreditation and become defunct because of its failure to follow policies and procedures set forth by its directors constitutes irreparable harm not capable of vindication by final judgment. It is clear that both the defendant and the public would be harmed by the granting of this injunction.
Likelihood of Success on the Merits
Finally, the court must look at the likelihood of success on the merits. “What matters as to each party is not the raw amount of irreparable harm the parly might conceivably suffer, but rather the risk of such harm in light of the party’s chance of success on the merits.” Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609 at 617. The issue of exemption to immunizations has never been litigated pursuant to G.L.c. 76, §15C. There are only a few cases that give the court guidance; however, they are not determinative. Plaintiff claims that she has a strong likelihood of success on the merits. She asserts this claim based on the exemption language of the statute, as follows:
In the absence of an emergency or epidemic of disease declared by the department of public health, no student who states in writing that such immunization would conflict with his religious beliefs shall be required to present such medical certificate in order to be admitted to such institution.
G.L.c. 76, §I5C.
The statutory language explicitly carves out an exception for people whose religious beliefs preclude them from being immunized. The plaintiff argues that the defendant, by not accepting the letter stating her religious beliefs, is violating the exemption created in the statute. The overarching purpose of the statute, however, is to prevent the widespread transmission of deadly diseases. To determine likelihood of success on the merits, it is not clear that the exemption can be read to supercede the important interest of containing diseases and ensuring that the residents of the Commonwealth are cared for in a safe manner. Read in conjunction with other cases, it is not clear that the interpretation would lead to a victory or even a likelihood of success on the merits.
The statutory language provides that the exemption is available to those with religious beliefs. It is not apparent that the plaintiff has “religious” beliefs. The court asked counsel at the hearing for the preliminary injunction what religion did this claim arise from. Counsel for plaintiff responded that plaintiff belongs to an informal group of individuals who believes that nature and the body are essentially one. In that response alone, the court is not convinced that the belief held by the plaintiff is a religious one. While plaintiff only needs to provide written affirmation of these religious beliefs, again, it is not clear that her beliefs arise from a religion. Plaintiff has not provided the court with other religious rituals she engages in. She has not explained what other beliefs she holds with regard to this religion. Given that the nature of her belief is not clear, it cannot be said that she has a likelihood of success on the merits.
Relying on Farina, this court cannot say that plaintiff is likely to succeed on the merits because the merits require that in order to be eligible for the statutory exemption, plaintiff must have a religious belief. See Farina v. The Bd. of Educ. of the City of New York, 116 F.Sup.2d at 512. In Farina, the court was convinced that the family genuinely opposed vaccines for their children, but, the court decided that those convictions were not religious. Id at 508. In the current case, the plaintiff points to no religious issue, other than stating that one’s body can take care of itself. She cites no other tenet that her religion abides by, she simply contends that immunizations are not permitted. Plaintiffs reliance on the language of the statute alone is insufficient to prove a likelihood of success on the merits adequate to grant a preliminary injunction which carries a strong possibility of harmful effects to defendant.
The plaintiff cites Dalli v. Bd of Educ., 358 Mass. 753 (1971), as support for granting the injunction. In Dalli, the court addressed the statutory issue of compulsory vaccinations in school children through a declaratory judgment. Dalli is inapposite to the case at hand. In Dalli, the court held that the statutory exemption language “recognized church or religious *420 denomination" encouraged preferred treatment and therefore was unconstitutional. Id. at 759. Whether or not the exemption in G.L.c. 76, §15C applies to the plaintiff does not turn on a recognized or organized religion, it simply requires written verification of the religious belief. If the belief is held to be secular, as it is in this case, then the exemption does not apply.
Unlike this court, the court in Dalli decided that providing a religious exemption to elementary students was not a public safely issue. The Dalli court based its decision on “ample support” in the record. Id. at 760. This court has no such facts to assist it. To the contrary, this court has been inundated with overwhelming evidence supporting the proposition that infectious diseases are dangerous and that immunization plays an integral role in the prevention of the spread of communicable diseases.
Therefore, balancing the harms in light of the likelihood of success on the merits, the court finds that plaintiff has not sustained her burden for the court to grant a preliminary injunction.
ORDER
For the foregoing reasons, plaintiffs motion for preliminary injunction is DENIED.

No full-time student under thirty years of age or any full-time or part-time undergraduate or graduate students in a health science who is in contact with patients shall, except as hereinafter provided, be registered at an institution of higher education except upon presentation of a medical certificate that such student has been immunized against measles, mumps, rubella, tetanus and diphtheria; provided, however, that a student may be registered at such institution upon certification made, in writing, by a physician who has personally examined such student and in whose opinion the physical condition of such student is such that his health would be endangered by any such immunization; and provided, further, that students who have attended an elementary or secondary school in the commonwealth may submit a copy of their school immunization record, indicating receipt of the above required immunizations, in lieu of such certificate; and provided, further, that unimmunized students may be registered on the condition that the required immunizations be obtained within ten days of registration.
In the absence of an emergency or epidemic of disease declared by the department of public health, no student who states in writing that such immunization would conflict with his religious beliefs shall be required to present such medical certificate in order to be admitted to such institution.

The statute provides for various ways of satisfying or obtaining exemption from this requirement which are inapplicable here.

The date of plaintiffs disclosure to the defendant is unclear. The plaintiff submitted an informal, unsigned letter dated August 1, and a signed, formal letter addressed to Carolyn Locke, Director of the MGH Institute on August 13. It appears that defendant only received the one dated August 13, however that is not specifically addressed in the papers.

A TB test does not require an injection of the virus into the body, for that reason, it was acceptable under her belief structure.