JAMES A. FRANTZ AND ANOTHER, d.b.a. LAKE AUTO SALVAGE, v. BOARD OF COMMISSIONERS OF ANOKA COUNTY.

210 N. W. 2d 51.

August 3, 1973—No. 43656.

*Russell H. Larson,* for appellants.

*Robert W. Johnson,* County Attorney, and *Edward W. Bearse* and *Stephen H. Munstenteiger,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Olson, JJ.

PER CURIAM.

This is an appeal from the trial court's denial of appellants' motion for a new trial. The main issue is whether appellant landowners are entitled to compensation for their auto salvage business which was conducted on land taken in a condemnation proceeding. We affirm.

In February 1969, respondent, Board of County Commissioners of Anoka County, instituted proceedings to condemn certain lands in

which seven persons had an interest. Two of the seven landowners, appellants James A. Frantz and Gerald E. Frantz, conducted an auto salvage business known as Lake Auto Salvage on part of the land. In June 1969, the court-appointed commissioners filed their award of damages. Appellants, along with the other landowners, appealed the award to the district court, alleging, among other things, that the award failed to compensate them for the going-concern value of their business.

On January 22, 1971, appellants petitioned for a writ of mandamus seeking to compel the county to institute separate condemnation proceedings for the taking of their business. On November 18, 1971, the appeal from the commissioners' award came on for trial. Prior to the commencement of the trial, the court denied appellants' motion to conduct a separate trial on the mandamus action since all necessary parties were before the court and the mandamus issue was within the purview of the condemnation appeal. After the first day of testimony, during which appellants offered testimony that the highest and best use of the land was for residential use, the court formally dismissed appellants' petition for a writ of mandamus. Appellants later made an offer of proof to the court to show that it was not economically feasible for them to relocate their business. The offer was denied, and the court reaffirmed its dismissal of the mandamus action. After the jury reached a verdict and findings had been made, appellants made an alternative motion for amended findings or a new trial, which was denied. This appeal followed.

Appellants allege that each vehicle stored in their auto salvage business had monetary value in the form of salvageable used parts; that, since it is the practice of customers seeking used auto parts to go from one auto salvage dealer to another until a suitable part is found, the location had value because within several miles of appellants' business there were several other auto salvage businesses; that it was financially impractical to relocate their inventory of vehicles; and that appellants were forced to liquidate their auto salvage business and to dispose of their vehicles as scrap, yielding substantially less than a sale of the vehicles as used auto parts would have brought.

The general rule is that loss of going-concern value is not recoverable on condemnation. See, 6B Dunnell, Dig. (3 ed.) § 3054a. The only Minnesota exception to the rule was carved by State, by Mattson, v. Saugen, 283 Minn. 402, 169 N. W. 2d 37 (1969). In that case, the condemnee's liquor license was tied to the condemned location. The condemnee, who attempted in good faith but without success to transfer the license, could have continued to operate his liquor lounge except for the condemnation. Under these particular facts, we held that the going-concern

value of the liquor lounge was a property interest which was taken by the condemnor and that the condemnee was entitled to recover.

We need not decide, however, whether appellants fall within the Saugen exception since we are convinced that appellants are not in a position to claim the going-concern value of their business. In the district court appeal from the award, appellants offered testimony intended to prove that the highest and best use of the land taken was for residential use. Under those circumstances, they cannot also recover for business use.

In establishing the market value of condemned land, the condemnee cannot claim inconsistent uses for land which was taken by condemnation. State, by Mondale, v. Gannons Inc. 275 Minn. 14, 145 N. W. 2d 321 (1966). In Cameron v. Chicago, M. & St. P. Ry. Co. 51 Minn. 153, 53 N. W. 199 (1892), we held that the landowner could not value the land taken as a gravel pit and in addition claim damages to the rest of the farm for its severance by the taking. In other words, if the landowner had made a gravel pit out of the strip which was taken, that in itself would already have severed the farm, and he could not recover additional damages from the state for such severance. Similarly, in the instant case, appellants valued the land as residential. Residential use of appellants' land already implies removal of the auto salvage business, and they therefore cannot recover additional damages from the county for such removal.

Although condemnees cannot introduce evidence of simultaneous, inconsistent uses, they can prove an inconsistent deferred use if such use would be reasonably considered by a buyer on the open market. State, by Lord, v. Casey, 263 Minn. 47, 115 N. W. 2d 749 (1962) (testimony based on use as a gravel mine for 7 years, and then as a commercial building site, was admissible). But here, there is no indication that appellants attempted to value the property on the basis of a deferred residential use. We hold that since appellants claimed that the highest and best use of their land was for residential purposes, they cannot also seek compensation for its auto salvage business value.

We have considered appellants' contention that the trial court improperly dismissed their separate mandamus action and find that, under the circumstances of these proceedings, the dismissal was proper.

Affirmed.

Mr. Justice Yetka and Mr. Justice Scott, not having been members of this court at the time of the argument and submission, took no part in the consideration or decision of this case.