OPINION OF THE JUSTICES TO THE SENATE.

*State Ethics Commission. Constitutional Law*, Freedom of speech and press, Opinions of the Justices.

Where questions propounded by the Senate involved issues arising from circumstances already in existence, the resolution of which would affect the rights of specific individuals, the Justices abstained from answering the questions. [1212-1213]

Proposed legislation, unlimited as to circumstances or time, providing a criminal penalty for persons who violated the confidentiality of certain proceedings before the State Ethics Commission, would be impermissible under the First Amendment to the United States Constitution. [1213-1216]

On December 30, 1985, the Justices submitted the following answers to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully respond to the questions set forth in an order adopted by the Senate on November 19, 1985, and transmitted to this court on November 22, 1985. The order recites that there is presently pending before the Senate, House No. 6529, a bill entitled "An Act relative to the administration of the financial disclosure and conflict of interest laws." Expressing grave doubts as to the constitutionality of the proposed bill, the Senate has requested the opinion of the Justices on the following four questions:

"1. Would section two of said House No. 6529, if enacted into law, violate the due process clause of the fourteenth amendment to the Constitution of the United States and Article X of Part the First of the Constitution of the Commonwealth, in that it would allow the imposition of penal sanctions for violations of section twenty-three of chapter two hundred and sixty-eight A of the General Laws, which section sets out general

guidelines rather than the specific standards of conduct which would constitute a violation of its provisions?

"2. Would section four of said House No. 6529, if enacted into law, violate the prohibition against laws abridging freedom of speech contained in the first amendment to the Constitution of the United States and Article LXXVII of the Articles of Amendment of the Constitution of the Commonwealth?

"3. Would section five of said House No. 6529, if enacted into law, violate Article 1, Section 20, Clause 1 of the Constitution of the United States and Article XXIV of Part the First of the Constitution of the Commonwealth in that it constitutes an ex post facto law?

"4. Would said section five of said House No. 6529, if enacted into law, violate the due process clause of the fourteenth amendment to the Constitution of the United States and Article X of Part the First of the Constitution of the Commonwealth in that it would apply retroactively to the civil provisions of said bill?"

The State Ethics Commission (commission) and Massachusetts Common Cause have responded to our invitation for briefs from interested persons.

*Questions 1, 3 and 4.* The Justices answer the first question in part and decline to answer the third and fourth questions because, if the bill is enacted, those matters pending before the commission to which the bill refers may present for judicial determination the very issues on which our opinion is now sought. The Justices expressed this reluctance in *Answer of the Justices*, 122 Mass. 600, 602 (1877), as follows: "In view of the separation, established by the Constitution, between the legislative, the executive and the judicial departments of the government, we can hardly suppose it to have been the intention that either the legislative or the executive should demand of the judiciary its opinion, in advance, upon a question which may arise in the course of judicial administration, and which cannot be affected by legislative or executive action." The Justices quoted this language with approval in *Opinion of the Justices*, 237 Mass. 613, 618 (1921). It is apparent that, if enacted, the bill would apply to matters that were pending

before the commission prior to its enactment so as to permit the commission to impose sanctions which it would not otherwise be authorized to impose. Thus, the question would be open in such matters whether the bill could constitutionally be applied to persons who had matters pending before the commission on and after July 9, 1985, the date of the court's opinion in *Saccone* v. *State Ethics Comm'n*, 395 Mass. 326 (1985). Each such person could raise for adjudication the same questions asked of us in questions 1, 3, and 4. These potentially affected persons are not before us. In fairness, issues which arise from circumstances already in existence should not be dealt with in a response of the Justices. Our response to these questions is consistent with previous responses of the Justices in analogous situations.

Question 1 does present an issue as to future conduct, as well as to past conduct. That question is whether § 2 of the bill, in authorizing the commission to enforce G. L. c. 268A, § 23, presents a standard which can withstand a challenge that it is void for vagueness. The Justices, of course, cannot answer whether the standard of § 23 would be constitutionally adequate as applied in given circumstances. The Justices can say that § 23 is not facially invalid as applied to future conduct. A statute is facially invalid only if it would be vague in all its applications. *Hoffman Estates* v. *Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982).

*Question 2.* Section 4 of House No. 6529 seeks to amend § 7 of G. L. c. 268B, by striking the first paragraph of that section and inserting in place thereof, the following paragraph: "Any participant in a preliminary inquiry or in an initial staff review to determine whether to initiate an inquiry, who violates the confidentiality of such inquiry or review, shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than one year, or both. For the purpose of this paragraph, 'participant' shall include any member or employee of the commission, a complainant, and any potential witness who has been contacted by a commission member or employee, but shall not include the subject of the inquiry or staff review."

The Justices are asked to give their opinion on whether, if enacted into law, this section of G. L. c. 268B would violate the prohibition against laws abridging freedom of speech contained in the United States and Massachusetts Constitutions.[1]

The court has observed that "[t]o effectuate legitimate governmental goals, a restriction may regulate in a reasonable way the time, place, or manner of speech, provided that the regulation is applicable to all speech, regardless of [its] content." *Planned Parenthood League of Mass., Inc.* v. *Attorney Gen.*, 391 Mass. 709, 714, cert. denied, 105 S. Ct. 189 (1984). Moreover, where a restriction on speech is justified, "the limitation must be no greater than is necessary to protect [the governmental] interest." *Commonwealth* v. *Dennis*, 368 Mass. 92, 99 (1975). See also J. Nowack, R. Rotunda & J. Young, Constitutional Law 727-728 (West 1980) (discussing least restrictive means requirement).

The proposal which the Justices are asked to examine, G. L. c. 268B, § 7, does not advance a reasonable "time, place, or manner" restriction on speech. Rather, it "singles out speech of a particular content and seeks to prevent its dissemination completely." *Virginia State Bd. of Pharmacy* v. *Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 771 (1976). "Content-based restrictions on protected speech have been upheld only in . . . narrow situation[s]." *Planned Parenthood League of Mass., Inc.* v. *Attorney Gen., supra* at 714. See generally Cox, Freedom of Expression in the Burger Court, 94 Harv. L. Rev. 1, 4 (1980).

It is arguable that "substantial governmental interests" are promoted by maintaining the confidentiality of the commis-

---

[1] We have previously stated that the protections granted by art. 16 of the Massachusetts Declaration of Rights, as appearing in art. 77 of the Amendments, are "comparable" to those guaranteed by the First Amendment to the United States Constitution. See, e.g., *First Nat' l Bank* v. *Attorney Gen.*, 371 Mass. 773, 792 (1977), rev'd on other grounds, 435 U.S. 765 (1978). Since we find that this proposed statute would violate the provisions of the First Amendment to the United States Constitution, see *infra*, we express no opinion regarding the limits of the protection afforded by art. 16.

sion's preliminary investigations. See *Commonwealth* v. *Dennis, supra* at 99. As examples of these interests, it could be said that confidentiality facilitates the effective enforcement of the conflict of interest law, G. L. c. 268A, and encourages the filing of complaints by allowing witnesses to come forward without the fear of retaliation. The question, however, here is "whether these interests are sufficient to justify the encroachment on First Amendment guarantees" with the imposition of criminal and civil sanctions. See *Landmark Communications, Inc.* v. *Virginia*, 435 U.S. 829, 841 (1978). We respond that they are not sufficient.[2]

In *Opinion of the Justices*, 349 Mass. 786, 791 (1965), the Justices stated that to determine whether a proposed bill is in violation of the First Amendment will be "entirely dependent upon decisions of the Supreme Court of the United States." The Justices also acknowledged that the approach of the Supreme Court to First Amendment questions has been "through the use of the admittedly indefinite phrase, 'clear and present danger.'" *Id.* In this regard, the analysis undertaken by the Court has focused on whether the speech that is sought to be prevented creates a "clear and present danger" to the governmental interest that is sought to be protected. Although the Supreme Court has rejected a "mechanical application" of the "clear and present danger" standard, see *Landmark Communications, Inc.* v. *Virginia, supra* at 842, the Court has stated that, in First Amendment cases, the substantive evil to be prevented "must be extremely serious and the degree of imminence extremely high before utterances can be punished." *Id.* at 845, quoting *Bridges* v. *California*, 314 U.S. 252, 263 (1941).

Section 4 of the bill seeks to impose a criminal penalty on every member or employee of the commission, every complainant, and certain potential witnesses who violate the confidentiality of a preliminary commission inquiry or initial staff review. The prohibition appears to apply in all circumstances

---

[2] There is no question that the commission may conduct its initial inquiries in a confidential setting. Compare *Richmond Newspapers, Inc.* v. *Virginia*, 448 U.S. 555, 578-580 (1980).

and for all time. We are unable to perceive any compelling interest of the Commonwealth which would justify the imposition of such a restriction on free speech. Nor are we able to perceive that there is no less restrictive means available of achieving the purpose of the proposed statute. In order to survive an attack on the ground that a statute violates rights of free speech, an enactment forbidding communication must both serve a compelling State interest and be drawn so as to achieve the legislative purpose in the least restrictive way possible. Accordingly, the Justices conclude that this section of the bill, if enacted into law, would violate the First Amendment to the United States Constitution, and therefore we answer Question 2, "Yes."

In summary, our answers to the Senate are as follows:

Question 1: "Not answered as to pending matters."

Question 2: "Yes."

Question 3: "Not answered."

Question 4: "Not answered."

The foregoing answers and opinion are submitted by the Chief Justice and the Associate Justices, subscribing hereto on the thirtieth day of December, 1985.

> EDWARD F. HENNESSEY
> HERBERT P. WILKINS
> PAUL J. LIACOS
> RUTH I. ABRAMS
> JOSEPH R. NOLAN
> NEIL L. LYNCH
> FRANCIS P. O'CONNOR