Hamlin, J.
Defendants seek dismissal of Plaintiffs claim against them for fraudulent conveyance. For the following reasons, the Defendants’ motion is allowed.
BACKGROUND
Plaintiff Michael E. Wright (Wright) alleges the following facts in his complaint. In 1971, Kathleen Avelino and her parents took title to property located at 18 Walnut Street in Taunton (the Walnut Street property). Michael Wright married Kathleen Avelino (hereinafter, Avelino-Wright) in 1987. Avelino-Wright filed a complaint for divorce from Wright in 1991.[2] In 1992, Avelino-Wright conveyed her interest in the Walnut Street property to her mother, Defendant Julia Avelino. (Avelino-Wright’s father was, by this time, dead.) Wright alleges that this conveyance was fraudulent and violated G.L.c. 109A, §§4, 7.
In an opinion dated February 6, 1995, the Probate and Family Court (McGovern, J.) made Findings of Fact, Conclusions of Law, and entered a Final Judgment in the divorce proceeding between Wright and Avelino-Wright. Judge McGovern found that:
In 1984, three (3) years before [Wright and Avelino-Wright] married, the wife executed an acknowledgment that she had no interest in the Taunton real estate standing in her name with her mother. This is clearly not a marital asset, except through the possibility of inheritance, and the filing of suit in the Superior Court was an abuse of process (page 51).
(Emphasis added.) Defendants now seek dismissal on the ground that Judge McGovern’s Findings, Conclusions of Law and Subsequent Judgment preclude the plaintiff from proceeding here.
ANALYSIS
A complaint may be dismissed, pursuant to Mass.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief may be granted. When evaluating the sufficiency of a complaint, the Court takes the allegations contained in the complaint, as well as any inferences which can be drawn from them in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). A motion to dismiss for failure to state a claim may be granted on the basis of res judicata or collateral estoppel. Barrett v. Transformer Service, Inc., 374 Mass. 704, 715-16 (1978): Trustees of Stigmatine Fathers, Inc. v. Secretary of Administration & Finance, 369 Mass. 562, 566-67 (1976).
The related doctrines of res judicata and collateral estoppel embody the “fundamental precept of common law adjudication” that a right, question or fact at issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent litigation between the same parties. Montana v. United States, 440 U.S. 147, 153 (1979); see also, McCarthy v. Oak Bluffs, 419 Mass 227, 233-34 (1994). In other words, when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. Restatement (Second) of Judgments §27 (1982).
Wright must, in order to state a claim for fraudulent conveyance of the Walnut Street property, allege a debtor-creditor relationship between himself and Avelino-Wright. See, G.L. 109A, §§4, 7. Here, the only allegation that Wright and Avelino-Wright were in such a relationship is couched in Wright’s claim that the Walnut Street property was part of the marital estate. This issue was litigated in the Probate Court action, and was ultimately and finally determined by Judge McGovern in her Findings of Fact, Conclusions of Law and Final Judgment. This determination was essential to the judgment because the parties’ rights and obligations would have been substantially different had the Probate Court made some other determination as to the status of the Walnut Street properly. The issue of the Walnut Street property has been litigated and decided in the Probate Court.
ORDER
For the foregoing reasons, the Defendants’ motion to dismiss is ALLOWED.

Avelino-Wright v. Wright, No. 91D4070 (Middlesex Prob. & Fam. Ct.)