OPINION OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Constitutional Law,* Freedom of religion. *Employment,* Discrimination. *Due
Process of Law,* Retroactive application of statute.

A proposed amendment to G. L. c. 151B, § 4 (1A), that defines the words
"creed or religion" as used in that subsection to encompass "any
sincerely held religious beliefs, without regard to whether such beliefs
are approved, espoused, or prescribed or required by any established
church or other religious institution or organization," does not violate
the establishment clause of the First Amendment to the United States
Constitution or art. 2 of the Declaration of Rights of the Massachusetts
Constitution, where, with respect to an employer's accommodation of
an employee's creed or religion, the amendment does not promote exces-
sive government entanglement with religion and where the employer's
interests are taken into account. [1246-1247]

The Justices declined to express an opinion in response to a question
propounded to them by the House of Representatives regarding the ret-
roactive effect of certain proposed legislation, where the answer would
depend on facts and issues not actually presented. [1247-1248]

Discussion of the principles applicable to a determination whether a statute
retroactive by its own terms violates due process rights under the
Fourteenth Amendment to the United States Constitution and arts. 1,
10 and 12 of the Massachusetts Declaration of Rights. [1248]

On November 26, 1996, the Justices submitted the follow-
ing answer to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court
respectfully submit their answers to questions set forth in an
order adopted by the House of Representatives on October
17, 1996, and transmitted to the Justices on October 21, 1996.
The order indicates that there is pending before the General
Court Senate Bill No. 2435, entitled, "An Act restoring
religious freedom in the workplace," a copy of which was
transmitted with the order.

The order notes the opinion of the Supreme Judicial Court

in *Pielech* v. *Massasoit Greyhound, Inc., ante* 534 (1996), which declared that G. L. c. 151B, § 4 (1A) (1994 ed.), violated the establishment clause of the First Amendment to the United States Constitution because it protected an employee against being required to work on a day of religious observance if the employee's sincerely held religious belief was shared by others belonging to an organized church or sect but not if such a belief is not so similarly shared. *Id.* at 540. Section 1 of the proposed bill states a proposed finding by the Legislature "that there is a significant public interest and an urgent necessity to restate its intention to protect individuals from discrimination in the workplace based on their sincerely held religious beliefs without regard to whether such beliefs are recognized by an established religious institution, and immediately to restore the right of individuals to be free from discrimination in the workplace based on their sincerely held religious beliefs."

Section 2 of the bill proposes to add the following sentence to G. L. c. 151B, § 4 (1A): "As used in this subsection, the words 'creed or religion' means any sincerely held religious beliefs, without regard to whether such beliefs are approved, espoused, prescribed or required by any established church or other religious institution or organization." The effect of this proposed change, if adopted, would be to change the construction that the court gave to § 4 (1A) in its *Pielech* opinion so that the protection of § 4 (1A) would not be limited "to persons whose practices and beliefs mirror those required by the dogma of established religions." *Pielech* v. *Massasoit Greyhound, Inc., supra* at 539-540.

Section 3 of the proposed bill states that "[t]he provisions of section two of this act shall apply to all claims arising not earlier than three years before the effective date of this act, and to all other claims pending before the commission against discrimination or a court on the effective date of this act, including claims upon which final judgment or judgment after rescript has not entered or as to which a period to file an appeal, certiorari petition, petition for rehearing or similar motion has not expired on said effective date."

The order expresses grave doubt as to the constitutionality of the bill if enacted into law and requests our opinion on the following two questions:

"1. Does Section 4 (1A) of chapter 151B of the Gen-

eral Laws, as amended by section 2 of said Senate No. 2435 which defines the words 'creed or religion', as used in said subsection (1A), to encompass 'any sincerely held religious beliefs, without regard to whether such beliefs are approved, espoused, prescribed or required by any established church or other religious institution or organization', violate the establishment clause of the First Amendment to the United States Constitution and Article 2 of the Declaration of Rights of the Massachusetts Constitution?

"2. Does Section 3 of said Senate No. 2435 providing for the retroactive application of said bill violate the due process clause of the Fourteenth Amendment to the United States Constitution and Articles 1, 10 and 12 of the Declaration of Rights of the Massachusetts Constitution?"

1. We answer the first question in the negative. The amendment to § 4 (1A) removes the constitutional violations that the court identified in its opinion in *Pielech* v. *Massasoit Greyhound, Inc.*, *supra* at 540-542. Section 4 (1A) would no longer be limited to persons whose practices and beliefs mirrored those required by the dogma of established religions. Nor would § 4 (1A) offend constitutional principles by promoting excessive governmental entanglement with religion. A sincerely held religious belief would be protected by § 4 (1A) without regard to whether that belief was one approved or required by any established church or other religious institution or organization. Inquiry as to whether an employee's belief is sincere is constitutionally appropriate. See *Attorney Gen.* v. *Desilets*, 418 Mass. 316, 329-330 (1994); *Dalli* v. *Board of Educ.*, 358 Mass. 753, 758 (1971).

The proposed amendment to § 4 (1A) directs an interpretation of that section that the dissenters in the *Pielech* case believed already existed under § 4 (1A). *Id.* at 544-545 (Abrams, J., dissenting, with whom Liacos, C.J., and Greaney, J., joined). The dissenters stated that their reading of § 4 (1A) "comports with Federal caselaw under the First Amendment to the United States Constitution and § 703 (a)(1) of the Civil Rights Act of 1964." *Id.* at 544 n.3. The dissenters did not mention art. 2 of the Massachusetts Declaration of Rights, and the court expressly stated that it was

not considering or discussing art. 2. *Id.* at 542 n.3. Our analysis under art. 2 of the question asked of us, however, is based on the same standards applied under the establishment clause of the First Amendment. See *Colo* v. *Treasurer & Receiver Gen.*, 378 Mass. 550, 558 (1979); *Dalli* v. *Board of Educ.*, 358 Mass. 753, 759 (1971).

Section 4 (1A) provides that an employer may show that any accommodation to an employee's religious observance or practice will cause undue hardship, as defined in § 4 (1A), to the conduct of the employer's business. *New York & Mass. Motor Serv., Inc.* v. *Massachusetts Comm'n Against Discrimination*, 401 Mass. 566, 575-576 (1988). On such a showing, the employer is not obliged to accommodate the employee's religious observance or practice. This balancing of interests distinguishes § 4 (1A) from the Connecticut statute considered in *Estate of Thornton* v. *Caldor, Inc.*, 472 U.S. 703 (1985), that provided employees an absolute right not to work on their chosen Sabbath. The Supreme Court struck down the Connecticut statute because it "[took] no account of the convenience or interests of the employer." *Id.* at 709. Section 4 (1A) does take account of the employer's interests and thus does not run afoul of the establishment clause of the First Amendment. See *Estate of Thornton* v. *Caldor, Inc., supra* at 711-712 (O'Connor, J., concurring); L. Tribe, American Constitutional Law § 14-7, at 1196 (2d ed. 1988). Cf. *EEOC* v. *Ithaca Indus., Inc.*, 849 F.2d 116, 119 (4th Cir.), cert. denied, 488 U.S. 924 (1988) (upholding constitutionality of religious accommodation provisions of Title VII provisions of Civil Rights Act of 1964); *Protos* v. *Volkswagen of Am., Inc.*, 797 F.2d 129, 135-137 (3d Cir.), cert. denied, 479 U.S. 972 (1986) (same).

2. The second question asks whether due process of law principles are violated by § 3 of the proposed bill which provides for retroactive application of the bill, if enacted, to claims arising before the effective act of the bill.

Although we can set forth the considerations that are relevant to the determination of the due process of law question, we should not undertake to provide a definitive answer to the question. As will be seen, the answer to the due process of law question will depend on the facts of each case, facts that obviously are not before us. Moreover, when the issue presented to the Justices is one that can be raised in pending lit-

igation, the Justices have been unwilling to provide an opinion. See *Opinion of the Justices*, 396 Mass. 1211, 1213 (1985) ("issues which arise from circumstances already in existence should not be dealt with in a response of the Justices"); *Answer of the Justices*, 375 Mass. 822, 826 (1978), quoting *Answer of the Justices*, 150 Mass. 598, 601 (1890) ("We have refrained in the past from rendering advisory opinions which might 'seriously, even if indirectly, affect private rights' "). See also *Answer of the Justices*, 373 Mass. 867, 872 (1977); *Opinion of the Justices*, 363 Mass. 889, 898 (1973).

The rule that guides judges in deciding whether a retroactive statute violates due process rights under the Fourteenth Amendment to the United State Constitution and arts. 1, 10, and 12 of the Massachusetts Declaration of Rights is that only statutes "which, on a balancing of opposing considerations, are deemed to be unreasonable, are held to be unconstitutional." *American Mfrs. Mut. Ins. Co.* v. *Commissioner of Ins.*, 374 Mass. 181, 189-190 (1978). In *Leibovich* v. *Antonellis*, 410 Mass. 568 (1991), the court set forth the considerations that should be applied in evaluating the reasonableness of a retroactive statute, as follows: "In evaluating the reasonableness of a retroactive statute, we have weighed three principle considerations: the nature of the public interest which motivated the Legislature to enact the retroactive statute; the nature of the rights affected retroactively; and the extent or scope of the statutory effect or impact." *Id.* at 577. We are unable to say that in all instances that the application of § 3 of the proposed bill will or will not violate due process of law principles. Each case will depend on its facts, and thus no definitive answer can be given to the second question.

3. We answer the first question, "No." For the reasons stated, the Justices respectfully ask to be excused from further answering the second question.

The foregoing answer and opinion are submitted by the Chief Justice and the Associate Justices subscribing hereto on the twenty-sixth day of November, 1996.

HERBERT P. WILKINS

RUTH I. ABRAMS

NEIL L. LYNCH

FRANCIS P. O'CONNOR

JOHN M. GREANEY

CHARLES FRIED

MARGARET H. MARSHALL