**Rosario GUZZI, Leland Bagdon, Plaintiffs**

v.

**Harold W. CLARKE, in his capacity as Massachusetts Commissioner of Correction, Duane Maceachern in his capacity as Superintendent, MCI–Shirley, Joseph Boylan in his capacity as MCI–Shirley mail officer.**

**Civil Action No. 08–11248–WGY.**

United States District Court,
D. Massachusetts.

June 29, 2009.

Richard C. McFarland, Commonwealth of Massachusetts, Boston, MA, for Officer Boylan.

*MEMORANDUM AND ORDER*

YOUNG, District Judge.

In 2004, two of the present plaintiffs, Rosario Guzzi ("Guzzi") and Leland Bagdon ("Bagdon"), together with one Jose Fuentes, all three inmates at MCI–Shirley, filed an action in the Massachusetts superior Court sitting in and for the County of Middlesex complaining of alleged unconstitutional interference with their mail. This

state court action named the MCI–Shirley mail officer, Joseph Boylan ("Boylan") as a defendant as well as the then Commissioner of Corrections in Massachusetts and the then Superintendent of MCI–Shirley. *Guzzi v. Dennehy*, Middlesex Super. Ct. No. 04–00435.

On July 21, 2008, while the state court action was proceeding, Guzzi and Bagdon (collectively "the Plaintiffs") filed a virtually identical complaint in this Court alleging interference with their mail by the same state court defendants or their successors. ("Complaint") [Doc. No. 1].[1] On January 14, 2009, the Middlesex Superior Court (Fremont–Smith, J.) granted summary judgment in favor of the defendants named in the state court action pointing out in a comprehensive memorandum that the Plaintiffs simply had no grounds for relief. *Guzzi v. Dennehy*, Memorandum of Decision (Jan. 14, 2009). ("Trial Court Mem.") [Doc. No. 24, Attach. 1]. One month later, on February 12, 2009, Boylan and the two successors to the state court defendants filed a motion to dismiss [Doc. No. 23] supported by a memorandum of law ("Defs. Mem.") [Doc. No. 24]. On February 26, 2009, the Plaintiffs filed an opposition to the motion [Doc. No. 25] supported by a memorandum of law ("Pls' Mem.")[Doc. No. 26].

■ Under federal law, a final judgment on the merits precludes a party from re-litigating claims that were raised or could have been raised in that action. *See Porn v. National Grange Mut. Ins. Co.*, 93 F.3d 31 (1st Cir.1996)(citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Claim preclusion re-

quires: 1) a final judgment on the merits in an earlier action; 2) sufficient identity between the causes of action asserted in the earlier and later suits; and 3) sufficient identity between the parties in the two suits. *See Apparel Art Intern., Inc. v. Amertex Enterprises Ltd.*, 48 F.3d 576 (1st Cir.1995). The purpose of claim preclusion is to conserve judicial resources, protect parties from the expense of litigating multiple lawsuits, foster "reliance on judicial action by minimizing the possibility of inconsistent decisions", *See Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). *See also Hermes Automation Technology v. Hyundai Electronics Industries*, 915 F.2d 739, 750 (1st Cir.1990)(applying Massachusetts law on claim preclusion where the second action arose from the same transaction or occurrence as the first action). *Cruz v. Melecio*, 204 F.3d 14 (1st Cir.2000) (nominal differences between two actions, such as "perfect identity", would not undermine the preclusive effect). *Pasterczyk v. Fair*, 819 F.2d 12, 13 (1st Cir.1987)(res judicata is applicable in a section 1983 federal claim that was first brought in a state court).[2]

■ The three prong test for claim preclusion is satisfied in the current case. First, the Plaintiffs' claims were litigated and adjudicated by a valid and final judgment in the state court on January 14, 2009. Judge Fremont–Smith granted summary judgment in favor of the defendants on all causes of action raised by the Plaintiffs. Trial Court Mem. The state court held that: 1) The defendants were entitled to qualified immunity on the Plaintiff's claims for damages under 42 U.S.C.

---

1. Unlike Massachusetts, see Mass. R. Civ. P. 12(b)(7) it is not a ground for dismissal that there is a prior action pending in another court.

2. Massachusetts courts apply claim preclusion in a like manner. *See Mulrain v. Board*

*of Selectmen of Town of Leicester*, 944 F.2d 23, 24 (1st Cir.1991). A person who is not a party in the prior action, but whose interest is represented, may have the benefit of the judgment from the prior case. *See Roche v. Roche*, 22 Mass.App.Ct. 306, 309, 493 N.E.2d 523 (1986).

§ 1983; and 2) even though the prison changed its mail policy and regulations in 2004, the Plaintiffs were not entitled to injunctive relief based on this change. *Id.*

Second, there is sufficient identity between the causes of action in the prior and the present suit as the Plaintiffs have here raised the same First Amendment claims regarding the confiscation of their mail in each suit. *Id.*, Complaint.

Third, there is sufficient identity between the parties in the prior and current litigation. Both Guzzi and Bagdon were plaintiffs in the state suit and are plaintiffs in this current action. Boylan was named as a defendant in the state suit, and is also named in this case. Although the supervisory defendants in the current suit were not named in the state case, they are the successors to, and thus in privity with, the supervisory defendants in the first suit. *See Trustees of Stigmatine Fathers, Inc. v. Secretary of Administration & Finance*, 369 Mass. 562, 566, 341 N.E.2d 662 (1976)(it would be an "unwarranted fiction to treat all the branches of State government as a single unit for all purposes". Governmental agencies are, however, still subject to "the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity").

Accordingly this Court **GRANTS** the motion to dismiss based on the doctrine of res judicata. Judgment will enter for the defendants.

SO ORDERED.